## Commonwealth v. White

*Harold H. Cramer*, Assistant Attorney General, for Commonwealth.

*Frederick S. Wolf*, of *Beaver, Wolf & Harlan*, for appellant.

GATES, P. J., July 2, 1974.—Petitioner was convicted of a summary violation of section 624(8) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §624. Prior to issuing a suspension order, the secretary afforded petitioner an opportunity for a hearing and interview on October 29, 1973. Following that hearing and under the authority of section 618(b)(2), the secretary suspended the operating privileges of petitioner for a period of six months.

On January 21, 1974, upon consideration of the petition, we entered an order of supersedeas and fixed February 26, 1974, as the date for a hearing on the petition.

At the hearing, the Commonwealth introduced the district magistrate's record of the conviction and produced Pennsylvania State Trooper Walter McKinnon who testified that on July 1, 1972, petitioner was the owner of a 1968 Chevrolet coupe. On that date, he assigned the title to Custom Auto Company. On the reverse side of the title certificate, White subscribed and swore that there were no encumbrances on the title. Furthermore, it was established that at that time there was a second encumbrance on the title in favor of the Lebanon Car and Truck Center in the amount of $560, which was not, in fact, paid. These facts justify the conviction as well as the order of suspension.

## ORDER

And now, to wit, July 2, 1974, after hearing, the petition is dismissed and the Director of the Bureau of Traffic Safety of the Department of Transportation is directed to reinstate the suspension order within 30 days.